## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **TAMMY LEE RODGERS** ) | |
| ) | **CIVIL ACTION NO.** |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | |
| ) | |
| **BM TECHNOLOGIES, INC.** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

## COMPLAINT
## PRELIMINARY STATEMENT

1.     This is an action for damages brought by an individual consumer against the Defendant for violations of the Electronic Fund Transfer Act ("EFTA"), 15 U.S.C. §§ 1693 *et seq.*

## THE PARTIES

2.     Plaintiff Tammy Lee Rodgers is an adult individual residing in the state of Mississippi.

3.     Defendant BM Technologies, Inc. (hereafter "BMTX") is a business entity that regularly conducts business within the Eastern District of Pennsylvania and has a principal place of business located at 201 King of Prussia Rd, Suite 650, Radnor, PA 19087.

## FACTUAL ALLEGATIONS

4.     In or around August 2024, Plaintiff opened an account with, and became a customer of, Defendant.

5.     Defendant is an online-only banking service without any physical branches that can be accessed in person.

6.      During the year that Plaintiff made use of Defendant's banking services, Defendant made numerous representations regarding the security of its electronic banking systems and has advertised those systems as a secure alternative to in-person banking.

7.      Plaintiff had an account with Defendant which was used to manage her student loan disbursements.

8.      Upon information and belief, in or around July 2025, Plaintiff's bank account with Defendant was compromised.

9.      On or around July 11, 2025, Plaintiff became aware that she did not receive her student loan disbursement from Defendant.

10.     On or around July 11, 2025, Plaintiff noticed that her student loan disbursement had been sent to another bank, with which she is not a customer, without her consent.

11.     After Plaintiff saw the unauthorized transaction, she immediately reached out to Defendant to report the unauthorized transaction and opened a dispute investigation.

12.     On or around July 11, 2025, Defendant sent Plaintiff email correspondence and assured Plaintiff that it will place an alert on her account and profile that would restrict access to the funds in her account.

13.     This unauthorized transaction was made by Defendant and the unauthorized transaction totaled $1,348.00.

14.     The unauthorized transaction was sent to another bank that Plaintiff never had an account with before.

15.     Plaintiff did not benefit from the unauthorized transaction.

16.     Defendant sent Plaintiff email correspondence confirming her dispute and that it would investigate Plaintiff's dispute.

17.    Plaintiff communicated with Defendant on several occasions thereafter in an attempt to get reimbursements for the unauthorized transactions.

18.    On or around September 29, 2025, Plaintiff was finally notified by Defendant that her student loan disbursement was received by the other bank and that there were no funds to return and Defendant would no longer be able to further assist her.

19.    Despite Plaintiff's timely dispute, Defendant refused to reimburse Plaintiff for the unauthorized transfers.

20.    As a result of Defendant's conduct, Plaintiff has suffered financial damages, additional actual damages, and consequential damages.

21.    At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant herein.

22.    At all times pertinent hereto, the conduct of the Defendant, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of the Plaintiff herein.

## COUNT I
## ELECTRONIC FUND TRANSFER ACT ("EFTA")

23.    Plaintiff re-alleges all prior allegations as if fully set forth here.

24.    At all times pertinent hereto, Defendant was a "financial institution" as that term is defined by 15 U.S.C. § 1693a(9).

25.    At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1693a(6).

26.    At all times pertinent hereto, the above unauthorized transfers were "electronic fund transfer[s]" as that term is defined by 15 U.S.C. § 1693a(7) and "unauthorized electronic fund transfer[s]" as that term is defined by 15 U.S.C. § 1693a(12).

27.    Pursuant to 15 U.S.C. § 1693m, Defendant is liable to the Plaintiff for numerous and multiple violations of EFTA.

28.    As a result of Defendant's conduct detailed more fully above, Plaintiff has suffered ascertainable losses entitling Plaintiff to an award of statutory, actual and treble damages as well as attorney's fees and costs.

<u>**COUNT II**</u>
<u>**CONVERSION**</u>

29.    Plaintiff re-alleges all prior paragraphs as if fully set forth here.

30.    Plaintiff had a right to possession of the money that belonged to her in her bank account.

31.    Defendant, through its actions detailed above, have interfered with and deprived Plaintiff of her right to possess her property.

32.    Defendant did not have consent to interfere with Plaintiff's right of possession.

33.    Defendant had no lawful justification in interfering with Plaintiff's right of possession.

34.    Defendant's actions in interfering with Plaintiff's right of possession were willful, malicious, and indicative of a wanton disregard for Plaintiff's rights.

35.    As a result, Defendant is liable to Plaintiff for the full amount of actual damages and punitive damages.

<u>**COUNT III**</u>
<u>**NEGLIGENCE**</u>

36.    Plaintiff re-alleges all prior paragraphs as if fully set forth here.

37.    Defendant owed Plaintiff a duty to protect Plaintiff's bank account from fraudulent activity.

38.    Defendant is liable to Plaintiff for damages caused by its breach of its duty to protect Plaintiff's bank account from fraudulent activity.

39.    Defendant breached its duty by allowing the fraudulent activity to occur without intervention.

40.    As a direct and proximate result of Defendant's breach of its duty to Plaintiff, Defendant is liable to Plaintiff for the full amount of actual damages and punitive damages.

## JURY TRIAL DEMAND

39.    Plaintiff demands trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendant, based on the following requested relief:

(a)  Actual damages;

(b)  Compensatory damages;

(c)  Treble damages;

(d)  Punitive damages;

(e)  Reasonable attorney's fees and costs;

(f)  Interest; and

(g) Such other and further relief as may be necessary, just and proper.

Respectfully Submitted,

**FRANCIS MAILMAN SOUMILAS, P.C.**

BY:    _/s/ Mark D. Mailman_
Mark D. Mailman, Esquire
Siobhán E. McGreal, Esquire
1600 Market Street, Suite 2510
Philadelphia, PA 19103
(215) 735-8600
mmailman@consumerlawfirm.com
smcgreal@consumerlawfirm.com

Dated: February 11, 2026          ***Attorneys for Plaintiff***